**FILED**
SEP 3 0 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> EXELON GENERATION CO. LLC, <br> (Quad Cities Nuclear Power Station), <br><br> Defendant. | CIVIL ACTION NO. <br> JUDGE KENNELLY <br> MAGISTRATE JUDGE KEYS <br><br> **COMPLAINT** <br><br> **05C 5659** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Joseph Frechette, who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Exelon Generation Company LLC (f/k/a Commonwealth Edison Company, Nuclear Division) Quad Cities Nuclear Power Station (hereafter, "Exelon") failed to accommodate, disciplined and then terminated Joseph Frechette because of his disabilities, including fibromyalgia, and peripheral nerve neuropathy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

1

U.S.C. § 2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed within the State of Illinois.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Exelon Generation Company LLC was continuously doing business in the State of Illinois and continuously had at least 15 employees.

5. At all relevant times, Exelon Generation Company LLC had continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Exelon Generation Company LLC was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Joseph Frechette filed a charge with the EEOC alleging violations of Title I of the ADA by Exelon. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. In 2001 Exelon engaged in unlawful employment practices at its Quad Cities Nuclear Power Station in Cordova, Illinois, in violation of Section 102 of Title I of the ADA, 42

2

U.S.C. § 12112. These practices include failing to accommodate, disciplining and then terminating Joseph Frechette because of his disabilities, including fibromyalgia, and peripheral nerve neuropathy.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Joseph Frechette of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disabilities.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Joseph Frechette.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of the unlawful employment practices of Exelon Corporation.

C. Order Defendant to make whole Joseph Frechette by providing compensation for pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

D. Order Defendant to make whole Joseph Frechette by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Defendant to pay Joseph Frechette punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in an amount to be determined at trial.

F. Order Defendant and its successors to provide training to its officers, managers and employees on appropriate conduct in regard to employees who are disabled;

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Diane I. Smason
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
(312) 353-7526

5